UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBBI NAGEL,

     Plaintiff,

v.                              Case No: 6:23-cv-2256-JSS-EJK

GLOBAL GROWTH HOLDINGS,
INC.,

     Defendant.

_____/

## ORDER

In this breach of contract action, Defendant, Global Growth Holdings, Inc., moves for summary judgment. (Dkt. 38; *see also* Dkt. 43.) Plaintiff, Robbi Nagel, opposes the motion. (Dkt. 39.) Upon consideration, for the reasons outlined below, the court denies the motion.

## BACKGROUND

Plaintiff began working as Defendant's Chief Compliance Officer in October 2022, (Dkt. 40 at 18:18–24, 22:6–8), and was terminated by Defendant in March 2023, (*id.* at 27:25–28:6). When Plaintiff began her position, Defendant "issued [her] a company laptop and cell phone" that "contain[ed] . . . confidential information" regarding Defendant's business. (*Id.* at 44:14–45:12.) Around the time of Plaintiff's termination, the parties entered into a contract titled Severance Agreement and General Release. (*Id.* at 28:7–11; Dkt. 1-1 at 2.) The agreement became effective on

April 3, 2023, (Dkt. 1-1 at 2; Dkt. 38-1 at 2–3), and is governed by Florida law, (Dkt. 1-1 at 5).

The recitals of the contract declared that "[Defendant] . . . agreed to provide separation benefits to [Plaintiff] . . . and . . . [Plaintiff] agree[d] that [she] [wa]s providing [a] general release in exchange for consideration that [she] would not have been entitled to receive from [Defendant.]" (*Id.* at 2.) The agreement specified that "[Defendant] w[ould] pay [Plaintiff] . . . $400,000.08 . . . over a period of one . . . year, payable in twenty-four semi[]monthly installments." (*Id.*) In addition to a general release, the agreement contained provisions requiring Plaintiff to waive any potential claims under the Age Discrimination in Employment Act, (*id.* at 4), refrain from disparaging Defendant in any future statements, (*id.*), keep the agreement confidential, (*id.*), and cooperate with Defendant during the transition period of her termination and in any potential legal actions and investigations to which Defendant may be subject, (*id.* at 5.) Section 11 of the agreement further provided that "[w]ithin three . . . business days of the [contract's] [e]ffective [d]ate," Plaintiff would "deliver to" Defendant "all property and equipment" that Defendant had provided her so she could perform her job, as well as "all information, records[,] and documents, whether in paper form or electronic format, relating in any way to [Defendant]'s business or employees." (*Id.*) The parties have stipulated that the third business day from the contract's effective date was April 6, 2023. (Dkt. 38-1 at 3.)

Defendant emailed Plaintiff on March 2, 2023, with instructions to return the company's property in her possession, and Defendant attached prepaid shipping labels

to the email.  (Dkt. 40 at 45:13–46:19.)  On April 6, 2023, Defendant again emailed Plaintiff requesting that she return the company's property and attached shipping labels.  (*Id.* at 48:17–49:8.)  Plaintiff eventually returned Defendant's property on May 14, 2024.  (*Id.* at 50:3–25.)

Defendant releases "payroll, expense reimbursements, and severance payments" on the seventh and twenty-first days of each month as a part of its typical payment schedule.  (Dkt 38-4 ¶ 6.)  Plaintiff alleges that "Defendant made a single [severance] payment" of $5,000 to her in April 2023.  (Dkt. 1 ¶ 9.)[1]  Defendant has made no further payments to Plaintiff to date.  (*Id.*; Dkt. 39 at 3.)

Plaintiff filed a single-count complaint against Defendant on November 21, 2023, alleging that Defendant breached the agreement by not paying her severance. (Dkt. 1.)  Defendant answered the complaint and asserted prior material breach as an affirmative defense, alleging that Plaintiff materially breached the agreement by not returning Defendant's property before April 6, 2023, thereby freeing Defendant of its obligation to pay Plaintiff.  (Dkt. 25 at 2–3.)  Discovery closed on August 5, 2024. (Dkt. 21 at 1.)  Defendant now moves for summary judgment.  (Dkt. 38.)

## APPLICABLE STANDARDS

Summary judgment is appropriate if no genuine dispute of material fact exists

---

[1] Defendant paid Plaintiff twice that month: on April 7 and 21.  (Dkt. 40 at 52:2–53:20.)  Because some of the money paid to Plaintiff was for expenses, not severance, it is not clear which of the April 2023 payments accounts for this $5,000.  (*See id.* at 52:2–58:5 (Plaintiff's explanation that because she agreed with Justin Holbrook, Defendant's Chief Executive Officer at the time, to receive a $5,000 advance on her severance payments, Plaintiff did not "know if the payment [on] April 7[] was [for her] expenses and [the payment on April] 21[] was [for her] severance" or vice versa)).

and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

The party moving for summary judgment must "cit[e] to particular parts of materials

in the record, including depositions, documents, electronically stored information,

affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other

materials" to support its position that it is entitled to summary judgment.  Fed. R. Civ.

P. 56(c)(1)(A).  "The court need consider only the cited materials" when resolving the

motion.  Fed. R. Civ. P. 56(c)(3); *see HRCC, Ltd. v. Hard Rock Cafe Int'l (USA), Inc.*, 703

F. App'x 814, 817 (11th Cir. 2017) ("This rule was implemented so that a court may

decide a motion for summary judgment without undertaking an independent search

of the record." (quotation omitted)).

A factual dispute is "genuine" only if "a reasonable [factfinder] could return a

verdict for the non[-]moving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986).  A fact is "material" if the fact could affect the outcome of the lawsuit under

the governing law.  *Id.*  The moving party bears the initial burden of identifying those

portions of the record showing a lack of a genuine factual dispute.  *Celotex Corp. v.

Catrett*, 477 U.S. 317, 323 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260

(11th Cir. 2004).  If the movant shows that no evidence supports the non-moving

party's case, the burden then shifts to the non-moving party to show that there are, in

fact, genuine factual disputes which preclude judgment as a matter of law.  *Porter v.

Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006).

To satisfy its burden, the non-moving party "must do more than simply show

that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus.*

*Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the non-moving party must go beyond the pleadings and "identify affirmative evidence" that creates a genuine dispute of material fact. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *see also HRCC*, 703 F. App'x at 816–17 ("Presenting arguments in opposition to a motion for summary judgment is the responsibility of the non-moving party, not the court." (alteration adopted) (quoting *Blue Cross & Blue Shield of Ala. v. Weitz*, 913 F.2d 1544, 1550 (11th Cir. 1990))). In determining whether a genuine dispute of material fact exists, the court must view the evidence and draw all factual inferences in the light most favorable to the non-moving party and must resolve any reasonable doubts in that party's favor. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007). The court will not weigh the evidence or make findings of fact. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Summary judgment should be granted only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non[-]moving party." *Matsushita*, 475 U.S. at 587.

## ANALYSIS

Because the court sits in diversity jurisdiction, Florida substantive law applies. *Sutton v. Wal-Mart Stores E., LP*, 64 F.4th 1166, 1168 (11th Cir. 2023). "Where the Supreme Court of Florida has not addressed a particular issue, federal courts are . . . bound by the decisions of the Florida district courts of appeal that address the disputed issue, unless there is an indication that the supreme court would not adhere to the district court's decision." *Geary Distrib. Co. v. All Brand Imps., Inc.*, 931 F.2d

1431, 1434 (11th Cir. 1991). In Florida, "[i]t is a well-established principle of contract law that one party's material breach relieves the other party of [its] obligations under the contract." *Small v. State*, 249 So. 3d 675, 676 (Fla. Dist. Ct. App. 2018) (citing *Green Tree Servicing, LLC v. Milam*, 177 So.3d 7, 14 (Fla. Dist. Ct. App. 2015); *see also SEB S.A. v. Sunbeam Corp.*, 148 F. App'x 774, 787 (11th Cir. 2005) (explaining the topic of "[p]rior [m]aterial [b]reach" under Florida law by stating that "when a contract is breached by one of the parties, the other party is released from any obligation to perform the contract." (quoting *Miller v. Reinhart*, 548 So.2d 1174, 1175 (Fla. Dist. Ct. App. 1989))). Accordingly, if Plaintiff materially breached the agreement prior to Defendant breaching the agreement, then Defendant was released of its obligations under the contract.

Plaintiff contends that the court cannot grant Defendant's motion because "whether an alleged breach of contract is material is a question of fact." (Dkt. 39 at 9.) This principle is generally true. *See Peterbrooke Franchising of Am., LLC v. Miami Chocolates, LLC*, No. 21-10242, 2022 WL 6635136, at *4 (11th Cir. Oct. 11, 2022) ("Generally, whether an alleged breach is material under Florida law is a question of fact."); *Ness Racquet Club, LLC v. Ocean Four 2108, LLC*, 88 So. 3d 200, 203 (Fla. Dist. Ct. App. 2011) ("Generally, whether there has been a breach of the terms of the contract is a question of fact . . . ."); *Covelli Fam., L.P. v. ABG5, L.L.C.*, 977 So. 2d 749, 752 (Fla. Dist. Ct. App. 2008) ("The issue of whether an alleged breach is vital or material is reviewed as a question of fact."). In certain circumstances, however, when facts are undisputed, a court can determine the materiality of a breach of contract as a

matter of law.  *See Mattocks v. Black Ent. Television LLC*, 43 F. Supp. 3d 1311, 1319–20 (S.D. Fla. 2014) (granting a defendant's motion for summary judgment when plaintiff breached the parties' agreement by demoting the defendant's administrative access to a social media page when the agreement clearly stated the defendant would have full administrative access to the page); *Morton's of Chicago/Miami, LLC v. 1200 Castle 100-A, Inc.*, No. 13-23366-CIV, 2014 WL 11944280, at *5 (S.D. Fla. Apr. 10, 2014) (holding that when "the facts related to [an] alleged breach [of contract] are uncontested . . . the materiality of the alleged breach is a question of law and is appropriately determined through the [c]ourt's interpretation of the [contract.]"); *Ramos v. Northwestern Mutual Insurance Co.*, 336 So. 2d 71, 75 (Fla. 1976) ("[U]nder some circumstances, particularly where the facts are admitted, [the question of whether a contract was breached] may well be a question of law."); *Merin Hunter Codman, Inc. v. Wackenhut Corr. Corp.*, 941 So. 2d 396, 397–98 (Fla. Dist. Ct. App. 2006) (reversing summary judgment and holding that a company who refused to pay a real estate broker when the contract clearly obligated the company to pay the broker a commission had materially breached the contract); *Arquette Dev. Corp. v. Hodges*, 934 So. 2d 556, 558–59 (Fla. Dist. Ct. App. 2006) ("order[ing] entry of summary judgment in favor of" one party based on the other party's prior material breach when the parties' contract "contain[ed] no ambiguities").

Here, Defendant claims that Plaintiff breached the contract "by failing to return her company-issued laptop and cell phone (and all information stored thereon) by April 6, 2023." (Dkt. 38 at 9.)  Plaintiff admits that she failed to return the company's

property by April 6, 2023, but argues that this failure was not a material breach. (*See* Dkt. 39 at 11 ("[T]he contract required [Plaintiff] to return [the] company['s] property within three days of execution . . . . She did not. Is this, on its face, a material breach? No."); s*ee also* Dkt. 38-3 at 5 (confirming that Plaintiff returned the equipment in May 2024).)

"To constitute a . . . material breach, a party's nonperformance must 'go to the essence of the contract.'" *Covelli Fam., L.P..*, 977 So. 2d at 752 (Fla. Dist. Ct. App. 2008) (quoting *Beefy Trail, Inc. v. Beefy King Int'l, Inc.*, 267 So. 2d 853, 857 (Fla. Dist. Ct. App. 1972)). "A party's 'failure to perform some minor part of his contractual duty cannot be classified as a material . . . breach.'" *Id.* (quoting *Beefy Trail*, 267 So. 2d at 857). Rather, a material breach consists of the nonperformance of a material or essential contract term. A material term is "[a] contractual provision dealing with a significant issue such as subject matter, price, payment, quantity, quality, duration, or the work to be done." *Material Term*, Black's Law Dictionary (12th ed. 2024). An essential term is "[a] contractual provision that specifies an essential purpose of the contract, so that a breach of the provision through inadequate performance makes the performance not only defective but essentially different from what had been promised." *Essential Term*, Black's Law Dictionary (12th ed. 2024). "Of course, the essential terms of any given contract may vary depending on the circumstances of the parties' transaction." *United States Doe v. Health First, Inc.*, No. 614-CV-501-ORL-37DCI, 2017 WL 1929700, at *4 (M.D. Fla. May 10, 2017) (citing *Giovo v. McDonald*, 791 So. 2d 38, 40 (Fla. Dist. Ct. App. 2001)).

Plaintiff contends that the deadline for returning the company's property did not constitute the essence of the contract—rather, the essence of the contract "was the payment of severance monies to [Plaintiff] in exchange for a general release in favor of [Defendant]."  (Dkt. 39 at 15; *see also id.* at 11 ("The essence of this contract is best determined by looking at the entire agreement and, even more specifically, the [whereas] clauses[, or recitals,] which make it clear that the ultimate purpose of the contract was the payment of substantial severance monies to [Plaintiff] in exchange for a general release in favor of [Defendant].").)  Defendant responds that the "[s]everance [a]greement's [w]hereas [c]lause[s] clearly state[] that [Defendant] was agreeing to provide separation benefits to Plaintiff that she was not otherwise entitled to in exchange for . . . Plaintiff's agreements specified thereafter, which included Plaintiff's agreement to return [the] company['s] property within three days [of the effective date.]"  (Dkt. 43 at 6.)  In other words, Defendant argues that the breach is material because Plaintiff's obligation to return the company's property by April 6, 2024, was an express obligation in the contract.  (*See id.*)

There are certainly instances in which Florida courts have found that a party breached an essential term of an agreement as a matter of law.  For example, courts have recognized failing to make contractually obligated payments, *Star2Star Commc'ns, LLC v. AMG Grp. of Brunswick, LLC*, No. 8:20-CV-2078-TPB-JSS, 2021 WL 4442668, at *3 (M.D. Fla. Sept. 28, 2021), and providing defective goods when the contract specified there would be "no defects" in the product, *Wham! Frozen Foods Inc. v. Built*

*Brands, LLC*, No. 21-CV-60849-RAR, 2022 WL 1664025, at *2 (S.D. Fla. Mar. 21, 2022), to constitute material breaches.

Here, the contract specifically states that Defendant would provide separation benefits to Plaintiff "in exchange for" Plaintiff's agreements "hereunder," (Dkt. 1-1 at 2), and one of these agreements was to return the company's property by the specified date, (*id.* at 5). Nevertheless, this term is not essential merely because it is included in "the plain language of the [s]everance [a]greement," as Defendant contends. (Dkt. 43 at 6.) Not all terms of a contract are essential merely because they are included in a contract—rather, what is an essential term "will vary widely according to the nature and complexity of each transaction." *Socarras v. Claughton Hotels, Inc.*, 374 So.2d 1057, 1060 (Fla. Dist. Ct. App. 1979). Given the language of the severance agreement at issue, the court cannot conclude, as a matter of law, that Plaintiff breached a material or essential term of the parties' agreement. It is not clear from the explicit language of the contract that Section 11 "deal[s] with a significant issue," *Material Term*, Black's Law Dictionary (12th ed. 2024), or "specifies an essential purpose of the contract," *Essential Term*, Black's Law Dictionary (12th ed. 2024). As Plaintiff points out, (Dkt. 39 at 11–12), the contract's recitals indicate that the essence of the contract involved Defendant's payment of monetary severance to Plaintiff in exchange for Plaintiff's general release of any claims against Defendant. (Dkt. 1-1 at 2.) The contract's title— Severance Agreement and General Release—indicates the same. (*Id.*) *See Loc. Access, LLC v. Peerless Network, Inc.*, No. 614CV399ORL40TBS, 2016 WL 5373326, at *6 (M.D. Fla. Sept. 26, 2016) ("find[ing] [a] noncompetition agreement" not to be "the

primary purpose of [a] [c]ontract" based on "a plain reading of the [c]ontract as a whole" because the contract's "introductory recitals . . . decree[d] that the parties [had] executed the [c]ontract" for a separate purpose); *Johnson v. Johnson*, 725 So. 2d 1209, 1213 (Fla. Dist. Ct. App. 1999) ("Recitals and titles . . . may have material influence on the construction of the [contract] and the determination of the parties' intent." (quoting *Engineered Data Prods., Inc. v. Nova Off. Furniture, Inc.*, 849 F. Supp. 1412, 1417 (D. Colo. 1994))).  Further, the contract imposes duties related to various other topics, including Plaintiff's ability to compete with Defendant in the marketplace, the availability of health coverage for Plaintiff under Defendant's plans, the information that Defendant would provide to Plaintiff's prospective employers, Plaintiff's non-disparagement of Defendant, Plaintiff's cooperation with Defendant to ensure a smooth transition between Chief Compliance Officers, and the confidentiality of the contract itself.  (*See* Dkt. 1-1 at 2–5.)  Given the wide range of contractual provisions, a reasonable factfinder could determine that some of these provisions were so far removed from the contract's primary purposes as to be not essential and that Plaintiff's duty to return the company's property was alike in that regard.  See *Doe v. Rollins Coll.*, 77 F.4th 1340, 1364 (11th Cir. 2023) ("To establish a material breach, the party alleged to have breached the contract must have failed to perform a duty that . . . is *of such significance* that it relieves the injured party from further performance of its contractual duties." (emphasis added) (quoting *Burlington & Rockenbach, P.A. v. L. Offs. of E. Clay Parker*, 160 So. 3d 955, 960 (Fla. Dist. Ct. App. 2015))); *see also Se. Dev. Partners, LLC v. St. Johns County*, No. 3:23-CV-00846-CRK-PDB, 2024 WL

4188793, at *9 (M.D. Fla. Sept. 13, 2024) ("[T]he failure to perform some minor aspect or term of an agreement is not a material breach." (citing *Covelli Fam.,L.P.*, 977 So. 2d at 752)).   Viewing the facts in the light most favorable to Plaintiff, the court cannot determine as a matter of law that Plaintiff materially breached the parties' agreement by returning the company's property late.   Therefore, summary judgment is not appropriate here.

## CONCLUSION

Accordingly, Defendant's motion for summary judgment (Dkt. 38) is **DENIED.**

**ORDERED** in Orlando, Florida, on December 6, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record