UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBBI NAGEL,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　Case No: 6:23-cv-2256-JSS-UAM

GLOBAL GROWTH HOLDINGS,
INC.,

    Defendant.
_____/

# **ORDER**

Plaintiff seeks to introduce at trial the deposition transcript of fact witness Justin Holbrook in lieu of Holbrook's live testimony during the trial. (Dkt. 55.) Defendant opposes Plaintiff's motion. (Dkt. 59.) For the reasons outlined below, the court grants the motion and permits Defendant to raise evidentiary objections to the deposition during the bench trial.

Holbrook is the former Chief Executive Officer of Defendant who executed the contract at issue in this case. (Dkt. 55 at 2.) On July 11, 2024, he was deposed via Zoom from Los Angeles, California. (*Id.*; *see* Dkt. 41.) Plaintiff was present at the deposition in person and through her counsel, and Defendant's (then) counsel attended the deposition on Defendant's behalf. (*See* Dkt. 41.) Throughout Plaintiff's direct examination, Defendant made objections as to form. (*Id.* at 43–44, 54–55, 58.) After Plaintiff's direct examination, Plaintiff "tender[ed] the witness to" Defendant, and Defendant stated that it did not "have any questions" for Holbrook. (*Id.* at 60.)

Holbrook lives and works in Los Angeles, California. (Dkt. 55 at 6; Dkt. 59 at 3.) Initially, Plaintiff claims, she expected Holbrook to "travel from his home" there to Orlando for the trial. (Dkt. 55 at 2; *accord id.* at 6 (expressing Plaintiff's "original intention . . . to present . . . Holbrook live and in[ ]person").) However, Plaintiff also listed all of Holbrook's deposition in the December 30, 2024 Joint Pretrial Statement, (Dkt. 50 at 10), as a "deposition offered in lieu of live testimony," M.D. Fla. R. 3.06(b)(8). Plaintiff asserts that she listed the deposition "in an abundance of caution." (Dkt. 55 at 2.)

Defendant represents that "[a]t the final pretrial hearing, the parties agreed that [Holbrook] would appear virtually" for the trial. (Dkt. 59 at 3; *accord id.* at 4 (asserting that Plaintiff "represent[ed] to the [c]ourt that [Holbrook] would be testifying virtually at trial").) The parties may have reached such an agreement, but they did not do so during the final pretrial hearing before the court. However, at that hearing, Plaintiff stated that she would use depositions only for impeachment and would not present a deposition in lieu of live testimony. In her motion, Plaintiff identifies the recent Southern California wildfires as the reason for her changed position on this issue. (Dkt. 55 at 3, 9.)

Federal Rule of Civil Procedure 32(a)(1) states that "[a]t a hearing or trial, all or part of a deposition may be used against a party" provided that three conditions are met: (1) that "party was present or represented at the taking of the deposition or had reasonable notice of it," (2) the deposition "is used to the extent [that] it would be admissible under the Federal Rules of Evidence if the deponent were present and

- 2 -

testifying," and (3) "use [of the deposition] is allowed by Rule 32(a)(2) through (8)." Fed. R. Civ. P. 32(a)(1); *accord Ershowsky v. Freedman* (*In re Freedman*), 431 B.R. 245, 255 (Bankr. S.D. Fla. 2010) ("Rule 32 allows the use of [deposition] transcripts at trial if the party against whom [a transcript] is offered had the opportunity to cross-examine the witness, the use is authorized under any of the provisions of Rule 32[,] and that the testimony, if had been given live, was otherwise admissible."). Rule 32(a)(4)(B) provides that a "party may use for any purpose the deposition of a witness . . . if the court finds . . . that the witness is more than [one hundred] miles from the place of hearing or trial . . . , unless it appears that the witness's absence was procured by the party offering the deposition." Fed. R. Civ. P. 32(a)(4)(B); *accord Johnson v. Big Lots Stores, Inc.*, 251 F.R.D. 213, 219 (E.D. La. 2008) ("Rule 32 explicitly provides for the use of depositions when a witness is unavailable . . . because that witness lives more than [one hundred] miles from the place of the hearing . . . ."); *Ershowsky*, 431 B.R. at 256 ("Rule 32(a)(4)(B) authorizes the use of depositions if the witnesses are located more than [one hundred] miles from the location of trial."). "A party procures the absence of a witness if it actively takes steps to keep the deponents from setting foot in the courtroom." *Wal-Mart Stores, Inc. v. Cuker Interactive, LLC*, No. 5:14-CV-5262, 2017 U.S. Dist. LEXIS 51799, at *3 (W.D. Ark. Apr. 5, 2017) (cleaned up). The "mere fact" that a witness "lives and works outside of the [one hundred]-mile radius of the court is not a basis for finding procurement of the witness's absence." *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19md2885, 2022 U.S. Dist. LEXIS 43844, at *12 n.3 (N.D. Fla. Mar. 11, 2022) (quotation omitted).

Federal Rule of Civil Procedure 43(a) authorizes the court to "permit testimony in open court by contemporaneous transmission from a different location" but only "[f]or good cause in compelling circumstances and with appropriate safeguards."  Fed. R. Civ. P. 43(a).  The Advisory Committee Notes to Rule 43 express a preference for deposition transcripts over testimony by remote means.  *See Henry v. Celebrity Cruises, Inc.*, No. 21-CIV-20148-DLG, 2022 U.S. Dist. LEXIS 33067, at *2 (S.D. Fla. Jan. 26, 2022) ("[T]he Advisory Committee Notes to Rule 43 provide that depositions, rather than remote transmission of testimony, 'provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena.'").

Here, the three conditions for Rule 32(a)(1) are satisfied.  Defendant was represented by counsel at Holbrook's deposition, (*see* Dkt. 41), use of the deposition will be limited at trial to the extent that it would be admissible under the Federal Rules of Evidence if Holbrook were present and testifying, and Rule 32(a)(4)(B) allows use of the deposition because Holbrook lives and works in Los Angeles, California, (Dkt. 55 at 6; Dkt. 59 at 3), which is undisputedly more than one hundred miles from the Orlando courthouse where the trial will be held.  *See* Fed. R. Civ. P. 32(a)(1), (4)(B).  Further, Defendant does not argue that Plaintiff procured Holbrook's absence under Rule 32(a)(4)(B), (*see* Dkt. 59), and in any event, the "mere fact" that Holbrook "lives and works outside of the [one hundred]-mile radius of the court is not a basis for finding procurement of [his] absence," *see In re 3M*, 2022 U.S. Dist. LEXIS 43844, at *12 n.3.  Defendant does not move for "contemporaneous transmission [of Holbrook's testimony] from a different location" under Rule 43(a).  (*See* Dkt. 59.)  However, to

- 4 -

- 5 -

the extent that Defendant proposes testimony by remote means as the proper alternative to use of the deposition transcript, (*see id.* at 3–4), Defendant does not demonstrate "good cause in compelling circumstances . . . with appropriate safeguards," Fed. R. Civ. P. 43(a), and the Federal Rules of Civil Procedure express the opposite preference, *see Henry*, 2022 U.S. Dist. LEXIS 33067, at *2. The court has considered Defendant's remaining arguments about prejudice and the general preference for live testimony and does not find the arguments persuasive. (*See* Dkt. 59.)

Accordingly:

1. Plaintiff's motion (Dkt. 55) is **GRANTED**.
2. Defendant may raise evidentiary objections to the deposition during the trial.

**ORDERED** in Orlando, Florida, on February 6, 2025.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record